|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |
| TRUDY STANFORD, | | Case No.: 3:23-cv-00642-CSD |
| Plaintiff | | **Order** |
| v. | | Re: ECF No. 38 |
| JOE LOMBARDO, et al., | | |
| Defendants | | |

Before the court is Defendants' motion to dismiss. (ECF Nos. 38, 38-1 to 38-6.) Plaintiff filed a response. (ECF No. 40.) Defendants filed a reply. (ECF No. 41.)

For the reasons set forth below, Defendants' motion is granted.

## I. BACKGROUND

Plaintiff Trudy Stanford filed this action against Nevada's Governor Joe Lombardo, Nevada Department of Administration Director Jack Robb, and Nevada Deferred Compensation Executive Officer Robe Boehmer.

Plaintiff alleges that when she was married to Mark Stanford, he entered into contract for a Deferred Compensation Plan (the Plan) with his employer, the State of Nevada in 1987, and named Plaintiff as beneficiary. Mark Stanford died on May 7, 2013, and his account balance of $370,860 was transferred to Plaintiff. The account to which the funds were transferred was subsequently frozen. Plaintiff was involved in litigation regarding access to the funds from the Plan, and the funds were ultimately taken from Plaintiff's account.

Plaintiff asserts claims for breach of contract and negligence against Defendants. She alleges that Defendants violated the terms of the Plan because she was the designated beneficiary

and Defendants were negligent in their duties to properly oversee and distribute the funds from the Plan to the designated beneficiary.

Defendants move to dismiss Plaintiff's complaint, arguing: (1) Plaintiff failed to properly effectuate service on Defendants; (2) issue preclusion bars this case; (3) the Rooker-Feldman doctrine precludes the court from relitigating these issues; and (4) the claims are time barred.

## II. DISCUSSION

**A. Issue Preclusion in Nevada**

It is clear from the face of the complaint that Plaintiff was involved in litigation regarding her interest in the funds under the Plan, and the court takes judicial notice of the public records from that litigation. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted) (a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment.); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995) (taking judicial notice of records to determine preclusive effect of earlier case); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citing cases, quotations omitted) (court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

"A federal court considering whether to apply issue preclusion based on a prior state court judgment must look to state preclusion law." *Hardwick v. County of Orange*, 980 F.3d 733, 740 (9th Cir. 2020) (citation and quotation marks omitted).

"Issue preclusion, or collateral estoppel, precludes relitigation of an issue already litigated and determined in a previous proceeding between the same parties." *Pike v. Hester*, 891 F.3d 1131, 1138 (9th Cir. 2018) (citation omitted). "A federal court applying issue preclusion

must give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered." *Id*. (citation and quotation marks omitted).

In Nevada, issue preclusion requires that four elements be satisfied: the issues in both cases are the same; the first ruling was "on the merits and … final;" the party against whom preclusion is sought was a party to or in privity with a party to the previous case; and "the issue was actually and necessarily litigated" in the prior case. *Id.* (citing *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709, 713 (2008)). "Issue preclusion applies equally to issues of fact or law." *Id*. (citing *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 879 P.2d 1180, 1191 (1994)).

**B. The State Court Litigation**

Plaintiff filed a complaint for declaratory relief in the First Judicial District Court for the State of Nevada against the managers of the Plan asserting the funds in the Plan account belonged to her. The Plan managers filed a cross-complaint in interpleader, naming Plaintiff and Linda Browne (Mark Stanford's "girlfriend and putative Texas common-law spouse").[1] Mark Stanford's children from a prior marriage—Julie Ann and James—were also named. Brief for Appellant at 1-2, *Stanford v. Browne,* No. 70021 (Nev. Sept. 28, 2016); Brief for Respondents at 7, *Stanford v. Browne*, No. 70021 (Nev. Oct. 31, 2016); *see also Stanford v. Browne*, Nos. 70021, 70174, 2017 WL 4351368, at *1 (Nev. 2017).

On May 23, 2014, the First Judicial District Court issued an order denying Plaintiff's motion for summary judgment in the State court action. (ECF No. 38-5.) In that order, the First Judicial District made the following factual conclusions that are relevant here:

- Plaintiff and Mark Stanford were married on December 31, 1976;

---

[1] Under the Nevada Rules of Civil Procedure, this should have been a counterclaim against Plaintiff and third-party claim against Browne.

3

- Prior to that marriage, Mark had two children with Marjorie Stanford[2]: James and Julie Ann;
- Mark worked for the State of Nevada and elected to participate in its Deferred Compensation Plan;
- At the time he elected to participate in the Plan, he was married to Plaintiff and designated her as his primary beneficiary under the Plan;
- Mark and Plaintiff were divorced on June 11, 1990;
- The judgment of divorce provided that Mark was awarded all right, title and interest in the Plan account and his other retirement accounts;
- After his divorce from Plaintiff, Mark married Linda Browne under the laws of Texas;[3]
- Mark died intestate on May 7, 2013, in Texas;
- Linda is Mark's surviving spouse;
- Mark's estate was probated in Texas.

(ECF No. 38-5 at 2-3.)

The First Judicial District Court concluded that the terms and conditions of the Divorce Judgment between Plaintiff and Mark clearly provide that the Plan account was deemed Mark's sole and separate property as of June 11, 1990, and as such, terminated the beneficiary designation at issue as between Plaintiff and Mark as a matter of contract law. The court determined that Plaintiff relinquished any rights to the account at issue. Therefore, Linda Browne, Julie Ann, and James were entitled to have this provision of the divorce judgment

---

[2] Mark and Marjorie divorced in 1969.

[3] The First Judicial District Court noted that the Texas Probate Court already determined the validity of the marriage between Linda and Mark under Texas law. (ECF No. 38-5 at 7.)

enforced and to have any funds previously disbursed to Plaintiff under the Plan disgorged to them. (*Id*. at 5-7.)

A bench trial was held in the First Judicial District on February 4, 2016, and findings of fact and conclusions of law were entered on March 14, 2016. Brief for Appellant at 1-2, *Stanford v. Browne,* No. 70021 (Nev. Sept. 28, 2016). The First Judicial District Court concluded that the legislature intended for Nevada Revised Statute (NRS) 111.781 (Nevada's revocation upon divorce statute) to apply retroactively. The First Judicial District held that Plaintiff's beneficiary status was expressly revoked upon the divorce. The court rejected Plaintiff's argument that NRS 111.781 violated the Contract Clauses of the United States Constitution and Nevada Constitution. The District Court further found that the divorce decree terminated and/or waived Plaintiff's beneficiary designation. Brief for Respondents at 13-16, *Stanford v. Browne*, No. 70021 (Nev. Oct. 31, 2016).

According to the appellate briefs for both sides, judgment was entered against Plaintiff and in favor of Linda Browne, James, and Julie Ann on March 14, 2016.

Plaintiff appealed the First Judicial District Court's decision to the Nevada Supreme Court, challenging the finding that she waived her rights as the designated beneficiary under the Plan, and arguing there was insufficient evidence that Mark attempted to change the beneficiary before his death. Brief for Appellant, *Stanford v. Browne*, No. 70021 (Nev. Sept. 28, 2016).

The Nevada Supreme Court affirmed the First Judicial District Court. *Stanford v. Browne*, Nos. 70021, 70174, 2017 WL 4351368 (Nev. 2017). The Nevada Supreme Court held that "the divorce decree divested Trudy of her right to remain a designated beneficiary of [the Plan.]" *Id*. at 2. "Because Trudy waived her rights as a beneficiary of [the Plan] in 1990," the

1  Supreme Court determined it need not reach her other arguments, including her Contract Clause
2  claim regarding NRS 111.781. *Id*. at n. 2.

3  Plaintiff filed a petition for writ of certiorari with the United States Supreme Court,
4  which was denied. *Stanford v. Browne,* 585 U.S. 1003 (2018). Her petition for rehearing was
5  also denied. *Stanford v. Browne*, 585 U.S. 1054 (2018).

6  **C. Plaintiff is Precluded from Litigating This Action in Federal Court**

7  First, the court must determine whether the issues in the cases are the same. "The issues
8  in two cases may be identical 'even though the causes of action are substantially different, if the
9  same fact issue is presented.'" *Pike*, 891 F.3d at 1138 (quoting *LaForge v. Nev., Univ. & Cmty.*
10 *Coll. Sys. of Nev.*, 116 Nev. 415, 997 P.2d 130, 134 (2000)).

11 While Plaintiff's complaint in this federal court action lists claims of breach of contract
12 and negligence and references the Contracts Clauses of the United States and Nevada
13 Constitutions, the claims are based on her allegations that she was the rightful designated
14 beneficiary under the Plan and should have been the recipient of the funds. This is the *same issue*
15 that was litigated in the State court litigation. Therefore, this element weighs in favor of issue
16 preclusion.

17 Second, "Nevada law only requires that the party *against* whom preclusion is sought have
18 been a party to the first proceeding." *Id*. at 1139 (emphasis added, citing *Five Star*, 194 P.3d at
19 713). Plaintiff was a party to the First Judicial District case. This factor also weighs in favor of
20 issue preclusion.

21 Third, the issue was litigated on the merits and was final. Finality means "that the parties
22 were fully heard, that the court supported its decision with a reasoned opinion, [ ] the decision
23 was subject to appeal or was in fact reviewed on appeal[.]" *Id*. (citing Restatement (Second) of

Judgments § 13 (1982)). Here, the First Judicial District issued an order denying Plaintiff's motion for summary judgment in the state court case. (ECF No. 38-5.) It also conducted a bench trial regarding whether Plaintiff was entitled to funds under the Plan as a designated beneficiary and concluded the divorce decree waived her rights to funds under the Plan. There is no dispute the First Judicial District supported its decision with a reasoned opinion.

Plaintiff appealed the First Judicial District's decision to the Nevada Supreme Court, and the First Judicial District was affirmed, also in a reasoned opinion.

Therefore, the decision was on the merits and was final, and this element supports a finding of issue preclusion.

Finally, the issue presented here was "actually and necessarily litigated" in the prior case. The decision of the issue "must have been 'necessary to the judgment.'" *Id*. (citing *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 321 P.3d 912, 918 (2014)).

In this case, Plaintiff asserts that Defendants breached their contract with Plaintiff under the Plan and were negligent in their duties under the Plan with respect to the beneficiary designation. She alleges that Linda Browne's claim that a change of beneficiary form was mailed violates the provisions of the Plan. She also disputes Mark and Linda's marital status. Finally, she disputes the finding that Nevada law revoked her beneficiary status after her divorce form Mark, *i.e.*, under NRS 111.781. All of these issues were actually litigated and were necessary to the judgment in the State court action. This final element is supportive of issue preclusion.

In sum, all of the elements for issue preclusion are met here, and Plaintiff is precluded from bringing this action in federal court. As a result, the court need not reach Defendants' other arguments.

///

### III. CONCLUSION

Defendants' motion to dismiss (ECF No. 38) is **GRANTED**. The Clerk shall enter judgment in Defendants' favor and close this case.

**IT IS SO ORDERED**.

Dated: October 4, 2024

                                        _____
                                        Craig S. Denney
                                        United States Magistrate Judge